I unflinchingly join the minority in believing economic damages for medical expenses should be limited to actual pecuniary loss caused by the defendant's conduct. Like my unlearned colleagues in Hanif v. Hous. Auth. of Yolo Cty. (1988),200 Cal.App.3d 635, 246 Cal.Rptr. 192 and Moorhead v. Crozer (2001),564 Pa. 156, 765 A.2d 786 I would restore the plaintiff as nearly as possible to the plaintiff's pre-tort condition. This means plaintiff's recovery for medical expenses should be limited to the amount actually paid. Thus, I cannot join in an attempt to bolster the plaintiff's verdict on the basis that the cost of litigation reduces plaintiff's net recovery. If the measure of damages fails to compensate plaintiff for all her injuries, the best public policy is to address the problem directly, rather than to misconstrue a rule that addresses actual payments made by or for the plaintiff.
Furthermore, before a medical bill can be admissible under R.C.2317.421 as evidence of the reasonableness of charges for services rendered, it must be "otherwise admissible". Because a medical bill that does not reflect the amount actually paid is not relevant to plaintiff's true damages, it is not "otherwise admissible".
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Dissents with Dissenting Opinion.
Abele, J.: Concurs in Judgment and Opinion.